UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                            Case Nos.    3:09cr28/MCR/CJK
                                                           3:13cv46/MCR/CJK

GERARDO MORA CERANO[1]

_____/

ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 220).  The Government has filed a response (doc. 227) and Defendant has filed two separate replies, as well as a motion for an evidentiary hearing.  (Docs. 229, 231, 232).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

_____

[1] Defendant's last name is spelled "Cerano" in all court documents except the amended motion to vacate, which the court assumes is a scrivener's error.

## PROCEDURAL BACKGROUND

Defendant was charged in a two count superseding indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). (Doc. 21). On May 14, 2009, represented by appointed counsel Elizabeth Amond, Esq., Defendant pleaded guilty to both Counts One and Two. (Docs. 72, 73, 225). At what had been scheduled as Defendant's sentencing hearing on July 31, 2009, the district court granted Defendant's oral motion to withdraw his plea of guilty. (Docs. 113, 226). Counsel acknowledged an error in having allowed her client to plead guilty knowing that Defendant admitted his guilt but denied having dealt in more than five kilograms of cocaine, and the Government was unwilling to proceed on a lesser amount. (Doc. 226 at 3–4, 7). Defendant waived his right to a jury trial, and on October 15, 2009, the court conducted a bench trial. (Docs. 118, 198). It took the matter under advisement until sentencing. (Doc. 198 at 233–235).

At sentencing, the court explained its finding that Defendant was involved in a conspiracy that involved his personal contribution of in excess of 5 kilograms of cocaine, and detailed the reasons it found that Defendant's testimony was not credible. (Doc. 199 at 6–11, 36–40). The court determined that Defendant's base offense level, based on 42.5 kilograms of cocaine was 34,[2] and that a two level increase for obstruction was appropriate. (*Id*. at 41). With a total offense level of 36

---

[2] The same quantity of cocaine under the current version of the Sentencing Guidelines corresponds to a base offense level of 32.

Case Nos. 3:09cr28/MCR/CJK; 3:13cv46/MCR/CJK

and a criminal history category of II, the applicable guidelines range was 210 to 262 months.  (*Id*.).

When given the opportunity to address the court, Defendant stated that he made a mistake, but said that not everything the witnesses said was true, noting, for instance, that Coachman's statement that he met Defendant in January of 2008 was not true because Defendant "wasn't even here."  (Doc. 199 at 42).  Defendant attempted to explain that he came into this country in February of 2008, and did not arrive to Florida until March of 2008, at which point the district court noted that the evidence was stacked against him and that his "credibility [was] severely in question."  (*Id*. at 45).  Despite the Government's argument for a sentence at the high end of the guidelines, the court sentenced Defendant to a mid-range term of 240 months imprisonment.  (*Id*. at 46; doc. 166).  Defendant appealed, retaining attorney Glenn Swiatek to represent him.  (Docs. 170, 203).  The Eleventh Circuit dismissed the appeal for want of prosecution in December of 2010, and reinstated it upon the court's own motion in August of 2011.[3]  (Docs. 205, 211).  The appellate court rejected Defendant's challenge to the substantive reasonableness of his sentence and affirmed on October 17, 2012.  (Doc. 216).

Defendant timely filed the instant motion to vacate on January 29, 2013.  (Doc. 217).  The motion bore the electronic signature of attorney Swiatek, but Defendant himself had not signed the form.  As such, the undersigned entered an order directing Defendant to file an amended motion.  (Doc. 218).  The amended motion currently

---

[3] The Eleventh Circuit discharged attorney Swiatek as counsel and referred him to the Chief Judge for consideration of disciplinary action and indicated that substitute counsel would be appointed by separate order.  (Doc. 211).

Case Nos. 3:09cr28/MCR/CJK; 3:13cv46/MCR/CJK

before the court, signed by both Defendant and attorney Swiatek, was filed on February 27, 2013.  (Doc. 220).

In the present motion, Defendant claims that counsel was constitutionally ineffective in two respects.  First, he asserts that the decision to plead guilty to the conspiracy charge while leaving the amount of cocaine to be determined by the trial court was not a reasonable tactical decision, but rather an error that resulted in prejudice to Defendant.  Second, Defendant asserts that trial counsel failed to investigate the fact that he was out of the country during certain time frames within the alleged conspiracy.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be

Case Nos. 3:09cr28/MCR/CJK; 3:13cv46/MCR/CJK

shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually

innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas.  *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  *Id* at 1384–85 (quoting *Hill*, 474 U.S. at 59).  A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice.  *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if a

defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993));

*Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*,786 F.3d 873 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377

F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

<u>Ground One: The decision to forgo a jury trial</u>

Defendant contends that the decision to forgo a jury trial, plead guilty and have the district court determine drug weight was not a reasonable tactical decision. Defendant alleges that counsel's advice in this respect was prejudicial.  The Government concedes that some of counsel's actions were not reasonable, but maintains that Defendant did not suffer prejudice.

Defendant initially pleaded guilty to Counts One and Two of the indictment, although he later withdrew that plea.  (Docs. 72, 73, 113, 226).  At the hearing on the motion to withdraw the guilty plea, counsel stated that although her client admitted guilt to the conspiracy, he did not admit guilt to either the quantity of cocaine alleged by the Government or to Ms. Machigua's involvement.  (Doc. 226 at 2–3).  Counsel admitted that she had made a mistake in allowing Defendant to plead guilty to the charge involving more than five kilograms of cocaine in light of that.  (*Id*. at 3, 4). Ms. Amond explained that she had been thinking "at state court level," and that the defense would challenge the PSR and explain Defendant's role in the offense at sentencing,  rather than "waste the court's time with trial because there is no question of his guilt."  (*Id*. at 3–4).   The court allowed Defendant to withdraw his guilty plea given counsel's representation to the court that she had misled her client and he erroneously "relied on ... his attorney's representations... that he could dispute the drug weight at trial (sic)."  (*Id*. at 7).  After granting the oral motion to withdraw the

plea, the court noted that Defendant had the right to have a jury make the drug weight finding beyond a reasonable doubt, or, alternatively, he could waive his right to a jury trial and have a trial before the court.  (*Id*. at 9).  The court instructed counsel to provide input and to advise her client in this regard, but noted that it was ultimately Defendant's decision whether he wanted to exercise his right to a jury trial.  (*Id*. at 10).

Defendant signed a waiver of jury trial indicating that he was freely and voluntarily waiving this right after discussing his case with counsel.  (Doc. 118).  In the instant motion, he second-guesses that decision.  Defendant claims that the hung jury in co-defendant Daisy Machigua's trial should have alerted counsel that waiving a jury trial and allowing the district court to determine the issue of weight was "ill-advised."  (Doc. 220 at 6).

The basis for this assertion is not well-founded.   The evidence against Defendant was much stronger than it was against co-defendant Machigua.  Unlike Machigua, Defendant participated in a controlled buy and his phone conversations with another conspirator were admitted into evidence.  As such, a conviction on the conspiracy count was virtually assured.  The only question for the jury would have been drug quantity.  Defendant concedes in his motion that he had no one to testify in his behalf as to lower distribution amounts.  (Doc. 220 at 6).  The co-conspirator testimony that the Government presented to the district court at the bench trial would also have been presented to a jury, had Defendant elected to proceed in this manner.  Defendant's suggestion that, based on the same evidence,  a jury would have reached the conclusion that Defendant was accountable for less than five kilograms of cocaine, lacks credibility.   A jury would only have to have found Defendant to be

responsible for five kilograms or more for him to be subject to the penalties set forth in § 841(b)(1)(A), and even after a jury trial, the precise amount of cocaine in excess of five kilograms would have been determined by the court by a preponderance of the evidence at sentencing.  In sum, Defendant cannot establish that he was prejudiced by his decision to have a judge, rather than a jury, determine the threshold responsibility, and he is not entitled to relief.

Ground Two: Defendant was out of the country during parts of the conspiracy

Defendant claims that he told his attorney that he was out of the country during certain periods of the alleged conspiracy, but that she was constitutionally ineffective in that she failed to conduct discovery to investigate his assertions.  Defendant maintains that he was in Michoacan, Mexico from November of 2007 through December of 2008 and that therefore, the Government's assertion that he was in Northwest Florida "transacting multiple cocaine sales as the co-conspirators have alleged is doubtful." (Doc. 220 at 6–7).  Defendant claims to have told trial counsel of the existence of witnesses and the availability of documentary evidence to establish his alibi for at least a portion of the conspiracy.

Defendant's former counsel, Ms. Amond, states in her affidavit that, after reviewing her notes in Defendant's case file, she is certain that Defendant never gave her any information concerning an alibi.  (Doc. 227 at 14).  Counsel indicates that her file contains no information regarding any potential witnesses or documentary evidence that would support the assertions Defendant now makes.  Ms. Amond notes that the assertion Defendant now makes, that he was out of the country from November of 2007 through December of 2008, is inconsistent with Defendant's having told her that he met co-conspirator Tommy Lovett in November of 2008.

Finally, she notes that if Defendant had provided the names of potential witnesses, they would have been in her file and she would have tried to locate them.

In his response, Defendant offers what he contends are "exhibits that would tend to support his allegations... that he was not in the United States at various times cited by the Court in instituting its sentence." (Doc. 231). Defendant has submitted four exhibits. First is a series of receipts dated January 15, 2008 for sales of livestock from Asociacion Ganadera Local de Buenavista, Michoacan. (Doc. 229-1). "Gerardo Mora Cerano," or "Gerardo Mora C.," is identified on each receipt as the seller. The second exhibit is what purports to be an identification card from the same association issued on February 5, 2008, indicating that Gerardo Mora Cerano is an active member. (Doc. 229-2). Next is a receipt for an airline ticket from Tijuana, Baja California to Uruapan, Michoacan in the name of Gerardo Mora for same-day travel purchased on January 10, 2008. (Doc. 229-3). Finally, there is a receipt for an airline ticket purchased on January 8, 2008 for travel on January 9, 2008 from Uruapan to Tijuana for passenger Gerardo Mora. (Doc. 229-4).

As noted by the district court and admitted by Defendant at sentencing, Defendant has used multiple aliases. (*See* Doc. 199 at 3, 32, 34, 40, 42). The fact that paperwork exists in the name of Gerardo Mora is not alone proof that the individual in question is Defendant in this case. If Defendant in this case is the Gerardo Mora who conducted the transactions in Mexico between January 8 and January 15, 2008, this would be consistent with Defendant's statement at sentencing that he was "not even here" in January of 2008. (Doc. 199 at 42). Nonetheless, these documents do not provide an alibi for any other time period of the conspiracy. The date that the identification card was issued, February 5, 2008, offers no proof that

Defendant was still in Mexico at that time, as it is not apparent from the card when the application was made. More significantly, all of the cocaine sales identified in the PSR took place between August of 2008 and February of 2009. (*See* doc. 179, PSR ¶¶ 32–37). Thus, the allegedly exculpatory evidence provided by Defendant was not exculpatory, at least not to any meaningful extent, and Defendant has not established that defense counsel was constitutionally ineffective for her failure to present it, or any other unidentified evidence, to the court.

 Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos. 3:09cr28/MCR/CJK; 3:13cv46/MCR/CJK

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED**:

Defendant's motion for an evidentiary hearing (doc. 232) is **DENIED**.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The amended motion to vacate, set aside, or correct sentence (doc. 220) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of August, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos. 3:09cr28/MCR/CJK; 3:13cv46/MCR/CJK